# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE MARSTELLER | : | CIVIL ACTION NO.: |
| Plaintiff, | : | _____ |
| v. | : | |
| RIVER SUPPLY, INC., | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff, Suzanne Marsteller, by and through her counsel, Weisberg Cummings, P.C., who files the following Complaint against River Supply, Inc., as follows:

## PARTIES

**A.** **Plaintiff**

1. Plaintiff Suzanne Marsteller ("Ms. Marsteller") is an adult female citizen of the Pennsylvania, residing at 533 Marsteller Road, New Park, York County, Pennsylvania 17352.

2. Ms. Marsteller was, at all material times, a covered, non-exempt employee of River Supply, Inc. ("River Supply") within the meaning of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. § 333.101 *et seq.*

**B.     Defendant**

3.     River Supply is a Pennsylvania corporation with a primary business address located at 2555 Delta Road, Brogue, York County, Pennsylvania 17309.

4.     River Supply is a supplier of architectural construction material.

5.     At all material times, River Supply has been an employer within the meaning of the FLSA, the PMWA, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. § 260.1 *et seq.*

6.     At all material times, River Supply has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7.     At all material times, River Supply has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because it has engaged employees in commerce.  29 U.S.C. § 203(s)(1).

8.     River Supply has had, and continues to have, an annual gross income of sales made or business done of not less than $500,000.  29 U.S.C. § 203(s)(1).

9.     At all material times, Plaintiff was an individual employee engaged in commerce as required by the FLSA, 29 U.S.C. §§ 206, 207.

## JURISDICTION AND VENUE

10. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Subject matter jurisdiction over Plaintiff's claims arises under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

11. The PWPCL and PMWA each provide for a private right of action to enforce their provisions. This Court has supplemental jurisdiction over the Pennsylvania state law claims under 28 U.S.C. § 1367.

12. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c), because River Supply does business in this district, operates a business facility in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

## BACKGROUND

13. Ms. Marsteller has been employed with River Supply at its home office in Brogue, Pennsylvania from on or about March 3, 2014, until her termination on or about January 3, 2022.

14. For the entirety of her employment with River Supply, Ms. Marsteller worked in the Sales and Marketing Department in basically the same role, which was at various times referred to as Sales Assistant, Sales Coordinator, Marketing / Sales Coordinator, and Marketing and Sales Coordinator.

15. Ms. Marsteller was initially hired as a non-exempt, hourly employee, but within the first week of her employment, although her job duties did not change, she was switched to a salary plus bonus employee and classified by River Supply as exempt under the FLSA.

16. Ms. Marsteller was never involved in outside sales and never received commissions.

17. Notwithstanding the fact that Ms. Marsteller was compensated as an exempt employee under the FLSA, Ms. Marsteller's actual job functions, duties and responsibilities did not subject Ms. Marsteller to any of the exemptions identified in the FLSA, 29 U.S.C.A. § 213.

18. Notwithstanding the fact that Ms. Marsteller was compensated as an exempt employee under the FLSA, Ms. Marsteller was treated as a non-exempt employee by River Supply to the extent she was, at times, required to track and submit her work hours, and was, at times, docked pay when she worked for less than a full work day.

19. Ms. Marsteller has been required and/or permitted to work in excess of forty (40) hours per workweek, but has not been compensated for all hours worked over forty (40) hours in a given workweek.

20. The FLSA requires employers to compensate non-exempt employees at a rate not less than one and one-half times the regular rate at which they are employed for any work in excess of forty (40) hours per week. 29 U.S.C. § 207.

21. River Supply uniformly denied wages and overtime pay to Ms. Marsteller by requiring her to perform "off the clock" work. River Supply's deliberate failure to pay Ms. Marsteller her earned wages and overtime compensation violates the FLSA, PMWA and PWPCL.

22. River Supply did not accurately record all time worked by Ms. Marsteller, and specifically did not provide compensation for time Ms. Marsteller spent performing integral and indispensable job duties beyond forty (40) hours in any given workweek.

23. The net effect of River Supply's policies and practices, instituted and approved by company managers, is that River Supply willfully failed to pay overtime compensation and willfully failed to keep accurate time records to save payroll costs.

24. Ms. Marsteller was often required to work unpaid, off the clock, hours even in weeks in which her total working hours were less than forty (40) due to vacation days, holidays, and the like. On these days, Ms. Marsteller was not properly compensated at her regular hourly rate.

## COUNT I

### VIOLATIONS OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq.*

25. Ms. Marsteller incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

26. At all times material herein, Ms. Marsteller has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq.*

27. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

28. River Supply is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce with customers in numerous states, and its employees are engaged in commerce.

29. River Supply violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, River Supply also willfully failed to keep accurate records of all hours worked by its employees, including Ms. Marsteller.

30. Section 13 of the FLSA exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Ms. Marsteller. 29 U.S.C. § 213.

31. Ms. Marsteller is entitled to damages incurred within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because River Supply acted willfully and knew, or showed reckless disregard for, whether its conduct was prohibited by the FLSA.

32. River Supply has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Ms. Marsteller is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b).

33. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by River Supply from Ms. Marsteller. Accordingly, River Supply is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Ms. Marsteller respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant for all wages due, together with interest, costs, liquidated damages and attorneys' fees as permitted by law.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA
### MINIMUM WAGE ACT OF 1968, 43 Pa.C.S. § 333.101, *et seq*.

34. Ms. Marsteller incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

35. River Supply is an employer as that term is defined under the PMWA, 43 Pa.C.S. § 333.103(g), and is thereby subject to liability for overtime wages, reasonable attorneys' fees and other costs for non-payment of salary and/or wages under the PMWA, 43 Pa.C.S. § 333.101 *et seq*.

36. The PMWA requires that River Supply compensate Ms. Marsteller at a rate of at least one and one-half times her usual hourly wage for each hour of overtime. 43 Pa.C.S. § 333.104.

37. The total amount of compensation due to Ms. Marsteller by River Supply constitutes wages under 43 Pa.C.S. § 333.103(d), and failure to pay the amount due constitutes a violation of the PMWA.

38. In accordance with 43 Pa.C.S. § 333.113, by reason of River Supply's actions in failing to pay Ms. Marsteller overtime, Ms. Marsteller is entitled to an amount equal to the wages due, together with costs and reasonable attorney's fees.

WHEREFORE, Plaintiff Suzanne Marsteller respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant River Supply,

Inc. for all wages due, together with interest, costs, damages and attorneys' fees as permitted by law.

## COUNT III

### VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW, 43 Pa.C.S. § 260.1, *et seq*.

39. Ms. Marsteller incorporates all previous paragraphs of this Complaint herein by reference as if more fully set forth at length.

40. River Supply is an employer as that term is defined under the PWPCL, and is thereby subject to liability for wages, liquidated damages and reasonable attorneys' fees for non-payment of wages under the PWPCL, 43 Pa.C.S. § 260.1, *et seq*.

41. The total amount due to Ms. Marsteller by River Supply, including unpaid straight time and unpaid overtime hours, constitutes wages under Section 260.2a. of the PWPCL, and failure to pay the amount due constitutes a violation of the PWPCL.

42. In accordance with Section 260.10 of the PWPCL, by reason of River Supply's actions, Ms. Marsteller is entitled to liquidated damages in an amount equal to twenty-five percent (25%) of the wages due in addition to all wages due.

43. In accordance with Section 260.9a of the PWPCL, by reason of River Supply's actions, Ms. Marsteller is entitled to reasonable attorneys' fees associated with this action.

WHEREFORE, Plaintiff Suzanne Marsteller respectfully requests that this Honorable Court enter Judgment in her favor and against Defendant River Supply, Inc. for all wages due, together with interest, costs, liquidated damages and attorneys' fees as permitted by law.

        Respectfully submitted,

        **WEISBERG CUMMINGS, P.C.**

April 13, 2022
Date

        */s/ Larry A. Weisberg*
        Larry A. Weisberg (PA ID # 83410)
        lweisberg@weisbergcummings.com

        */s/ Derrek W. Cummings*
        Derrek W. Cummings (PA ID # 83286)
        dcummings@weisbergcummings.com

        */s/ Steve T. Mahan*
        Steve T. Mahan (PA ID # 313550)
        smahan@weisbergcummings.com

        */s/ Michael J. Bradley*
        Michael J. Bradley (PA ID # 329880)
        mbradley@weisbergcummings.com

        2704 Commerce Drive, Suite B
        Harrisburg, PA 17110
        (717) 238-5707
        (717) 233-8133 (FAX)

        *Attorneys for Plaintiff*