# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUZANNE MARSTELLER,<br><br>          Plaintiff,<br><br>   v.<br><br>RIVER SUPPLY, INC.,<br><br>          Defendant. | Civil Action No. 1:22-cv-00546-JPW<br><br>Judge Wilson<br><br>*Electronically Filed* |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

**I.      INTRODUCTION**

Plaintiff Suzanne Marsteller and Defendant River Supply, Inc. (collectively, the "Parties") have reached a settlement in this matter. Because Plaintiff alleged a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* among other claims, the Parties hereby submit this joint motion seeking approval of the settlement. The Parties respectfully request the Court to approve the settlement because it is a fair and reasonable resolution of a *bona fide* dispute.

**II.     FACTUAL BACKGROUND**

River Supply, Inc. ("River Supply") is a Pennsylvania corporation based in York, Pennsylvania that is a supplier of architectural construction material. Plaintiff was employed in Pennsylvania by River Supply in the Sales and Marketing Department from in or about March 2014 until on or about January 3, 2022, in

basically the same role for the span of her employment. Plaintiff was initially hired as a non-exempt, hourly employee, but she was then reclassified by River Supply as an exempt employee under the FLSA and applicable state law.

Plaintiff filed this lawsuit on April 13, 2022 (Doc. 1), claiming that she was misclassified as exempt, and was owed overtime and other wages under the FLSA and Pennsylvania law. River Supply disputes the allegations of the Complaint, and argues that Plaintiff was properly classified as an exempt employee. River Supply denies owing Plaintiff any additional compensation under the FLSA or Pennsylvania law.

As a result of arm-length negotiations between the parties and their respective attorneys, the Parties have reached a settlement of $17,500.00, with $10,023.00 payable to Plaintiff and $7,477.00 payable to her attorney, representing $7,000.00 in attorney fees and $477.00 in reimbursement for costs incurred. (Ex. A hereto)

### III. LEGAL ARGUMENT

Claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,* can be settled or compromised by employees when either the Secretary of Labor supervises an employer's payment of unpaid wages to employees pursuant to 29 U.S.C. §216(c), or a district court approves the settlement pursuant to 29 U.S.C. § 216(b). *Cuttic v. Crozer-Chester Med. Ctr.,* 868 F. Supp.2d 464, 466 (E.D. Pa. 2012). Once parties present the district court with a proposed settlement under

§216(b), "the district court may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Lynn's Food Stores Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir.1982)).

The Court should approve this settlement because it is a fair and reasonable resolution of a *bona fide* dispute over the validity of Plaintiff's FLSA claims. There is a *bona fide* dispute. Plaintiff claims that she was misclassified, whereas Defendant claims that Plaintiff's employment in its Sales and Marketing Department was properly classified as exempt under, in the least, the FLSA's administrative exemption because (1) her compensation was at a rate not less than $684 per week; (2) her primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) her primary duty included the exercise of discretion and independent judgment with respect to matters of significance. 29 U.S.C. § 213(a)(1); 29 CFR § 541.200. Therefore, there is a *bona fide* dispute as to the validity of Plaintiff's FLSA and other claims.

The Parties' settlement of this *bona fide* dispute is fair and reasonable. Plaintiff alleges that she worked, on average, 6.25 hours of overtime per week. Applying Plaintiff's salary and average weekly wage to a two-year period prior to

her Complaint being filed, Plaintiff alleges that she would have been owed approximately $20,113.00 in overtime. Therefore, the agreed upon settlement of $17,500.00 compensates Plaintiff at approximately 85% of what she believes she is owed. Additionally, Plaintiff agrees to pay her attorneys as a percentage of her recovery based upon the fee agreement entered into with her counsel, as well as the out-of-pocket costs related to filing this action and serving the Defendant. No other workers at River Supply were similarly situated to Plaintiff, and therefore, the resolution of this matter does not affect any other individuals.

The Parties were both represented by counsel who vigorously advocated for their respective clients, resulting in a fair and reasonable resolution, which this Court should approve.

## IV.   CONCLUSION

The Parties respectfully request that the Court approve the settlement as a fair and reasonable resolution of a *bona fide* dispute under the FLSA, and enter the enclosed Order.

Dated:  May 26, 2022               Respectfully submitted,

                                                               PILLAR AUGHT LLC

                                                               */s/ Lindsey. E. Snavely*
                                                               Lindsey E. Snavely, Esq.
                                                               Attorney I.D. No. 308145 (PA)
                                                               Cory A. Iannacone, Esq.
                                                               Attorney I.D. No. 200530 (PA)
                                                               4201 E. Park Circle
                                                               Harrisburg, PA  17111
                                                               (717) 308-9910
                                                               lsnavely@pillaraught.com
                                                               ciannacone@pillaraught.com

                                                               Attorneys for River Supply, Inc.

Dated:  May 26, 2022               **WEISBERG CUMMINGS, P.C.**


                                                              */s/ Larry A. Weisberg*
                                                               Larry A. Weisberg
                                                               WEISBERG CUMMINGS, P.C.
                                                               2704 Commerce Drive, Suite B
                                                               Harrisburg, PA 17110.9380
                                                               Telephone 717.238.5707
                                                               lweisberg@weisbergcummings.com

                                                              Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May 2022, the foregoing document was served via ECF upon the following counsel of record:

Lindsey E. Snavely, Esq.
Cory A. Iannacone, Esq.
PILLAR AUGHT LLC
4201 E. Park Circle
Harrisburg, PA  17111
(717) 308-9910
lsnavely@pillaraught.com
ciannacone@pillaraught.com

Attorneys for River Supply, Inc.

*/s/ Larry A. Weisberg*
Larry A. Weisberg