# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUZANNE MARSTELLER, | : | Civil No. 1:22-CV-00546 |
| Plaintiff, | : | |
| v. | : | |
| RIVER SUPPLY, INC., | : | |
| Defendant, | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a joint motion for approval of settlement. (Doc. 10.) For the reasons that follow, the motion will be granted.

### BACKGROUND

Plaintiff Suzanne Marsteller ("Marsteller") commenced this civil action on April 13, 2022, against Defendant River Supply, Inc. ("River Supply"). (Doc. 1.) The complaint alleges violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), and Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101, *et seq.*, for unpaid overtime wages, and a violation of the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. § 260.1, *et seq.*, for unpaid wages. (*Id.*) Among other allegations, the complaint asserts that River Supply violated the FLSA by failing to pay an overtime premium for the hours worked in excess of forty hours per week. (*Id.*) On May 5, 2022, the parties jointly moved to

stay River Supply's responsive pleading deadline pending settlement negotiations. (Doc. 7.)  The court granted this request on May 6, 2022.  (Doc. 9.)

On May 26, 2022, the parties filed a joint motion for approval of the FLSA settlement, as well as the settlement agreement.  (Doc. 10.)  Under the settlement agreement, the parties have agreed to settle this action for $17,500.00, which consists of $10,023.00 payable to Marsteller and $7,477.00 payable to Marsteller's attorney.  In exchange for this payment, Marsteller has agreed to release River Supply from liability for any and all claims.  (Doc. 10-1, ¶¶ 2–3.)

### STANDARD OF REVIEW

The FLSA was enacted to "protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729 (1981).  To safeguard employee rights, "a majority of courts have held that *bona fide* FLSA disputes may only be settled or compromised through payments made under the supervision of the Secretary of the Department of Labor or by judicial approval of a proposed settlement in an FLSA lawsuit." *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 WL 279754, at *3 (M.D. Pa. Jan. 22, 2015) (citing *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  While the Third Circuit Court of Appeals has not addressed whether parties can settle FLSA suits for unpaid wages without court approval, "district courts within the Third Circuit have followed the majority

position and assumed that judicial approval is necessary." *Id.*; *see also McGee v. Ann's Choice*, No. 12-cv-2664, 2014 WL 2114582 (E.D. Pa. June 4, 2014); *Owens v. Interstate Safety Serv., Inc.*, No. 17-cv-0017, 2017 WL 5593295 (M.D. Pa. Nov. 21, 2017).

Following the Eleventh Circuit's opinion in *Lynn's Food Stores, Inc.*, a proposed settlement agreement may satisfy judicial review if it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355. A settlement agreement resolves a bona fide dispute if its terms "reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." *Id.* If the court is satisfied that the settlement agreement resolves a bona fide dispute, the court then determines whether the agreement is fair and reasonable to the plaintiff, and whether the settlement furthers or "impermissibly frustrates" the implementation of the FLSA. *Bettger*, 2015 WL 279754, at *4 (citing *Altenbach v. Lube Ctr.*, No. 08-cv-2178, 2013 WL 74251 (M.D. Pa. Jan. 4, 2013)).

## DISCUSSION

The court first addresses whether the settlement agreement resolves a bona fide dispute between the parties. If the agreement reflects a reasonable compromise of the issues in this suit, the court can approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores,*

*Inc.*, 679 F.2d at 1354.  Here, the terms of the agreement itself, Doc. 10-1, as well as Marsteller's complaint, Doc. 1, demonstrate that a bona fide dispute exists regarding whether Marsteller was misclassified or properly exempt under the FLSA.  (*See also* Doc. 10, p. 3.)[1]  For example, Marsteller alleges that she was misclassified while River Supply asserts that Marteller was properly classified as exempt under the FLSA because "(1) her compensation was at a rate not less than $684 per week; (2) her primary duty was the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and (3) her primary duty included the exercise of discretion and independent judgment with respect to matters of significance."  (*Id.*)  As the court's obligation is "not to act as a caretaker but as a gatekeeper," the court is satisfied that the settlement agreement resolves a bona fide dispute between the parties.  *See Joseph v. Caesar's Entm't Corp.*, No. 10-cv-6293, 2012 WL 12898816, at *2 (D.N.J. July 23, 2012).

      Turning to the terms of the agreement itself, the court finds that the settlement agreement is fair and reasonable to Marsteller.  Marsteller has been represented by counsel who is well-versed in wage and hour litigation throughout this case.  Settlement was reached following vigorous advocacy by counsel on behalf of their clients.  (Doc. 10, p. 4.)  Furthermore, a review of the agreement

---

[1] For ease of reference, the court uses the page number from the CM/ECF header.

indicates that Marsteller is being compensated for an amount that she reasonably claims is owed in connection with her employment. (*See* Doc. 10, p. 3–4; Doc. 10-1.)

Lastly, the court finds that the settlement agreement does not impermissibly frustrate the implementation of the FLSA. The settlement agreement does not contain a confidentiality clause and was publicly docketed in this case. (*See* Doc. 10-1.) "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." *Diclemente v. Adams Outdoor Advert., Inc.*, No. 15-CV-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016.)

## CONCLUSION

For the foregoing reasons, the joint motion for approval of settlement will be granted. (Doc. 10.) An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: December 13, 2022